**IN THE COURT OF APPEALS OF IOWA**

No. 17-1933
Filed October 10, 2018

**VERONICA M. LACK,**
      Plaintiff-Appellant,

**vs.**

**STATE OF IOWA and THE IOWA DEPARTMENT OF NATURAL RESOURCES,**
      Defendants-Appellees.
_____

      Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

      Veronica Lack appeals from the district court's grant of summary judgment to the defendants in this civil rights action. **AFFIRMED.**

      Veronica M. Lack, Waukee, self-represented appellant.

      Thomas J. Miller, Attorney General, and David S. Steward, Assistant Attorney General, for appellee.

      Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

On December 9, 2013, Veronica Lack filed this action asserting the State of Iowa and its department of natural resources (collectively "the department"[1]) had discriminated against her on the basis of sex, age, and disability and retaliated against her. Her petition was subsequently dismissed via a summary judgment on the basis that none of the conduct complained of fell within the 300-day limitation period provided in Iowa Code section 216.15(3) (2009). Lack appeals contending there was a continuing violation under the Iowa Civil Rights Act (ICRA).

Lack's petition alleged, in part:

> In 1993-2004 (the time period involving Lack's original well) and then through 2009 (Lack's newly drilled well) and thereafter, the [department] failed and/or refused to provide the information it had committed to provide to Lack, including the well test results that were showing positive for anhydrous ammonia, which demonstrates that Lack and her family continued to be exposed to high levels thereof.

The department answered and asserted affirmative defenses.

The department filed a motion for summary judgment on August 4, 2017, contending it was entitled to summary judgment for the following reasons:

> (a) Lack's claims were not timely filed within the 300-day statutory limitations period contained within the ICRA;
> (b) Lack cannot alleged facts sufficient to support a claim of discrimination based upon age, gender or disability;
> (c) Lack has not alleged facts sufficient to support a claim of retaliation;
> (d) Lack has not alleged facts sufficient to support a claim of unlawful harassment; and
> (e) Lack cannot demonstrate [the department's] explanations for their actions are pretext for unlawful discrimination or retaliation.

---

[1] The department is also referred to in the record as IDNR or DNR.

Supporting exhibits and affidavits were attached, including Lack's July 26, 2010 ICRC complaint. Lack filed a resistance and exhibits. A hearing was held on September 1, at which Lack's counsel argued against summary judgment. After the hearing, Lack filed several additional documents in resistance to summary judgment. In an October 4 brief in support of her resistance, Lack asserted:

> The voluminous record before this court, submitted by both the Plaintiff and the Defendants, demonstrates very clearly that the complaints of the Plaintiff, Veronica M. Lack, beginning in the 1990s, continued well beyond the point in time when she filed her complaint with the Iowa Civil Rights Commission. Accordingly, the "continuing violation" theory can be asserted with respect to the 300-day statutory limitations period; *see Annear v. State*, 419 N.W.2d 377 (Iowa 1988). Contrary to the assertions made by the Defendant, conduct by the DNR did not fall outside the 300-day statutory deadline, but continued for a prolonged period of time both before and after the filing of her ICRC complaint.

On October 31, 2017, the district court granted the department's motion for summary judgment concluding,

> After a careful analysis of the summary judgment record in the light most favorable to Ms. Lack, and after granting her all reasonable inferences the summary judgment record reasonably supports, for the following reasons the court agrees with the IDNR's contention that Ms. Lack's claims are barred by the ICRA statute of limitations.

The court summarized the lengthy background related to Lack's complaints:

> The genesis of all of Ms. Lack's claims appears to be a long and contentious dispute over land use and water drainage issues between Ms. Lack and her neighbors. This dispute appears to have begun in the early 1990s and resulted in a lawsuit being filed by Ms. Lack against her neighbors in 2005 alleging several claims related to the dispute. Ms. Lack contends that throughout the dispute the IDNR treated her male neighbors with preference and did not take her concerns seriously. Ms. Lack believes she was treated differently because she also believes that (1) the IDNR did not think a woman should be a farmer, and (2) Ms. Lack was an old, disabled woman of little consequence.
>
> When considering these allegations of differential treatment by the IDNR in the light most favorable to Ms. Lack, the alleged

conduct would have occurred years outside the limitations period imposed by [Iowa Code] section 216.15(13). As noted above, alleged discriminatory acts occurring prior to September 29, 2009, are not actionable under the ICRA as a matter of law.

Closer in time to the limitations period were Ms. Lack's interactions with Mr. [Russ] Tell related to the project he agreed to complete for her. On December 8, 2008, Mr. Tell agreed to issue a well water safety press release for distribution in the counties located in the Karst areas of the state to educate and warn private well owners about contamination in their wells. Mr. Tell failed to complete the task.

Ms. Lack contacted the Ombudsman in the spring of 2009 seeking assistance with the stalled project. Although Mr. Tell did not complete the project before September 29, 2009, the summary judgment record does not reflect that Ms. Lack had any further interactions with Mr. Tell after March 2009. Absent from this record is any alleged act of discrimination, retaliation or harassment by Mr. Tell or any other IDNR or other state employee occurring within 300 days before Ms. Lack filed her ICRA complaint.

Lack asserts the district court erred in failing to find a continuing violation under the ICRA.[2] She acknowledges the district court did not address the issue.

As is often stated by the appellate courts, "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "The [preservation] rule requires a party seeking to appeal an issue presented to, but not considered by, the district court to call to the attention of the district court its failure to decide the issue." *Id.* at 540.

Because Lack failed to seek a specific ruling on the continuing violation doctrine, the issue is not properly preserved for our review. We therefore affirm.

**AFFIRMED.**

---

[2] Lack asserts the district court "recognized that the contact between [Lack] and [the department] continued form 2008 all the way into February of 2010." However, the contact noted by the court is contact between the ombudsman's office and Tell.